PORTER (WILSON v.). See Case No. 17,827.

PORTER (YOUNG v.). See Case No. 18,171.

PORTER, The CLARA M. See Case No. 2,-792.

## Case No. 11,292.

### PORTEVANT v. The BELLA DONNA.

### OWNERS OF THE LOUISA v. The BELLA DONNA.

[4 Newb. 510.][1]

District Court. E. D. Louisiana. April, 1855.

COLLISION—VESSEL AT ANCHOR—PRESUMPTION AS TO WHICH OF TWO VESSELS CAUSED THE INJURY.

1. Where it appears that a steamboat was moored at the bank of the river in her proper place and out of the track of vessels ascending and descending the stream, and she is injured by a collision with one of two boats ascending, her owner is entitled to damages; and the only question for the decision of the court is, from which of the boats is he entitled to recover?

2. Where two steamboats are ascending the river side by side, and a collision occurs, a very clear case should be made out to justify the court in giving judgment against the boat running next to the shore, when it is shown that she was as near thereto as prudence would dictate.

3. In such a case the outer boat having the whole width of the river for a channel, must show beyond a reasonable doubt that, as the swifter boat of the two, she took all proper precautions to pass the other at a suitable distance; otherwise she will be responsible for the damage arising from a collision with a steamboat moored at the shore.

1 [Reported by John S. Newberry, Esq.]

[These were libels by William J. Portevant, owner of the steamboat Ruby, and by the owners of the schooner Louisa against the steamboat Bella Donna, for damages sustained by collision.]

Mr. Van Matrie, for libelant.
Wolfe & Singleton, for the Bella Donna.
J. W. Price, for the Louisa.

McCALEB, District Judge. The libelant in this case claims damages for injuries sustained by his steamboat called the Ruby, in a collision with the Bella Donna on the 16th November last. The owners of the latter boat on the other hand, alleged, that the collision was caused by the steamboat Louisa, which was ascending the river with the Bella Donna at the time of the occurrence. No possible blame can be imputed to the Ruby, which, at the time of the collision, was moored at the bank of the river between Sixth and Seventh streets in the Fourth district of this city. She was in a proper place, out of the track of vessels ascending and descending the river. Her owner is undoubtedly entitled to indemnity for the damages he has sustained, and the only question for the decision of the court is whether he shall have a decree against the Bella Donna or the Louisa. These boats were ascending the river on their usual voyages, having previously left their places at the wharf about the same time—the Louisa a few minutes before the Bella Donna. The latter, however, being superior in speed, very soon overtook the former and passed her on her larboard. Before she passed her entirely, however, her starboard quarter, ten feet from her rudder, came in contact with the larboard side of the bow of the Louisa. The force of the collision had the effect of throwing the bows of both boats in towards the shore. The Louisa was thrown with considerable violence against the ship Garrick, at that time moored at the shore, and the Bella Donna was driven against the Ruby. I am satisfied that the Louisa did not run against the Ruby at all, although there is testimony to that effect. If she did, it is certain that she caused no injury, inasmuch as the whole force of her speed was broken by her coming in contact with the anchor chains of the Garrick. My first impression was that the Bella Donna and the Louisa were engaged in a race at the time the collision occurred; but further examination of the evidence, has led me to a different conclusion. The testimony of the witnesses is my only guide; and where that concurs, the court can have no hesitation in following it. Upon this point all the witnesses agree that they were running at their usual speed. In reference to other facts, however, it is not so easy to arrive at a satisfactory conclusion, by reason of the usual conflict of evidence. The witnesses Dennett and Mure, should undoubtedly be regarded as entitled to full credit; but I am satisfied they were not in a position to notice with accuracy all that occurred in the management of the two boats. We find in the first place, that Dennett was mistaken in a most essential particular. He testifies that the Louisa ran into the Ruby, and he is most clearly shown to be in error, both by the testimony of the pilot of the Louisa, and of the man who had charge of the Ruby, and was on board of her at the time of the collision. In the next place, he could not see the changes in the course of the boats; it should be borne in mind, that the Louisa was running next to the shore, and it was her duty to keep at a safe distance from the shipping along the left bank of the river. The evidence shows that she was as near as prudence would dictate. The Bella Donna passed her on the outside, and had the whole width of the river for a channel; she was evidently the stronger, larger and speedier boat of the two, and could easily have gained the position in the river for which she was evidently striving, after she had gone ahead; in passing the Louisa, I am satisfied that she did not run at a sufficient distance from the latter, and that in attempting to regain her position near the shore or the shipping, she was guilty of imprudence and want of skill in steering too soon and too suddenly across the bow of the Louisa. The testimony of the passenger on board the Louisa has mainly brought my mind to this conclusion. He was evidently in a most favorable position to watch the movements of the two boats, and seems to be a man of experience.

In my judgment, a very clear case should be made out to justify a court in giving judgment against the boat running next to the shore, when it is clearly shown, as in this instance, that she was as near thereto as prudence would dictate. It is the duty of the Bella Donna to show beyond a reasonable doubt, that as the stronger and swifter boat, she took all needful and necessary precautions in passing the other boat. When it is so perfectly apparent, that, from her superior capacity to stem the current of the river, she could easily have taken the lead of the Louisa, it should be clearly shown, that she was prevented from accomplishing her object, by some overruling necessity, or by some manifest violation of the rules of navigation, on the part of the other boat. The proof, in my judgment, is not sufficient to exculpate her from blame. On the contrary, I think she is justly chargeable with the damages sustained by the Ruby and the Louisa, notwithstanding the positive but most unsatisfactory testimony of Dennett. It is quite impossible that from his position on shore, while the two boats were nearly opposite to where he was standing, he could discern with any degree of accuracy, the deviations in the course of either boat. The "wild steering" alluded to by the witness Mure, may be accounted for by the fact spoken of by the pilot of the Louisa, that it became necessary to deviate from her course at one time, to avoid a scow. As a general rule, I am not disposed to rely

upon the testimony of pilots who may be called to testify in justification of their own conduct; but in this instance I find the testimony of the pilot of the Louisa so far sustained by that of the passenger before referred to, as to entitle it to full credit.

I therefore pronounce for the damages in this case, and decree that the libelant recover the amount thereof from the Bella Donna as the guilty boat. I also decree that the owners of the Louisa recover the amount actually expended in repairing the injuries sustained by their boat in consequence of the collision. And I now order that the case be referred to the commissioner, R. M. Lasher, Esq., to ascertain the amount of damage.